UNITED STATES of America,
Plaintiff and Appellee,

v.

Patrick Munro WHELAN, Defendant
and Appellant.

No. 72–1366.

United States Court of Appeals,
Ninth Circuit.

July 7, 1972.

Robert J. Rothman, San Francisco, Cal., for appellant.

James L. Browning, Jr., U. S. Atty., Chester G. Moore, III, F. Steele Langford, Asst. U. S. Attys., San Francisco, Cal., for appellee.

Before MERRILL and KILKENNY, Circuit Judges, and FREY,* District Judge.

* Honorable William C. Frey, United States District Judge, District of Arizona, sitting by designation.

PER CURIAM:

The defendant was found guilty of refusing to be inducted into the Armed Forces of the United States. He appeals from the judgment of conviction.

The defendant raises several issues challenging the validity of his order of induction. We find all issues raised are without merit, and affirm.

■ The issue raised by defendant which is crucial to a disposition of this case is whether the local Board should mail a notice to report for pre-induction physical to an address telephoned-in to the Board or whether the Board should mail such notice to the home address of defendant as confirmed by his signature.[1] 32 C.F.R. 1641.7(a) requires that a registrant report a change of address in writing.

The appellant claims that he need not follow the regulation controlling any change of address by a registrant under the Selective Service Act. The appellant claims, and it is recorded in his file, that a phone call was made reporting a change in his home address, but there is no indication in his selective service file who made or received the call and no other evidence on this point was offered by either side.

The Court must accept the agency's construction of its own regulation if it is not plainly erroneous or inconsistent with the regulation, Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 413–414, 65 S.Ct. 1215, 89 L.Ed 1700; Udall v. Tallman, 380 U.S. 1, 16–17, 85 S.Ct. 792, 13 L.Ed.2d 616 (1964).

■ The logic behind the appellant's arguments creates a heads-appellant wins, tails-Government loses rationale. No doubt, if the defendant's Selective Service Board had sent the notice to report for physical examination to the address telephoned-in, he would then claim a defect in his induction procedure, because the change was not made by him in writing in accordance with the regulation.

■ The reason for the requirement that any change in address must be in writing under the appellant's signature is a sound one. When one eligible for draft registers, he gives his mailing address under his own signature. Any change in such a written document should also be done in writing in the same manner as the original, then the Board can rely that the change comes from the registrant and the registrant is aware where his mail will be going as a matter of record. The obligation is on the registrant to keep the local Board properly advised of his current home address.

■ Appellant was subsequently ordered to appear for induction. There is no question but that this order was received. His refusal to be inducted was without legal cause or excuse; he was duly convicted. The other issues raised by defendant all stem from the claimed invalidity of the order to report for induction and are therefore without merit.

Judgment of conviction affirmed.

1. The notice is the one bringing into play 32 C.F.R. 1631.7(a), which reads:
"* * * When a registrant classified in Class I-A * * * has refused or otherwise failed to comply with an order of his local board to report for and submit to an armed forces physical examination, he may be selected and ordered to report for induction even though he has not been found acceptable."